UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH WONDEH,<br><br>           Plaintiff,<br><br>     v.<br><br>CHANGE HEALTHCARE PRACTICE MANAGEMENT SOLUTIONS, INC.,<br><br>           Defendant. | Case No.  19-cv-07824-JD<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 11, 25, 27 |

This action was removed to this Court from the California Superior Court for Marin County.  Plaintiff Ruth Wondeh alleges that her former employer, defendant Change Healthcare Practice Management Solutions, Inc., discriminated against her in violation of the California Fair Employment and Housing Act ("FEHA"). Dkt. No. 1 at ECF p. 10 (Complaint or "Compl.").

Wondeh has moved to remand the action, and Change has moved to dismiss Wondeh's complaint. Dkt. Nos. 11, 25, 27.  The remand request is denied, and the dismissal request is granted in large part, with leave to amend.

**DISCUSSION**

**I.     MOTION TO REMAND**

Defendant Change Healthcare Technology Enabled Services, LLC, removed this action to federal court invoking the Court's diversity jurisdiction.[1] Dkt. No. 1 (Notice of Removal). Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in

---

[1] Change Healthcare Technology Enabled Services, LLC, asserts that it was erroneously sued by Wondeh as Change Healthcare Practice Management Solutions, Inc. Dkt. No. 1 at 1.  Wondeh appears to agree with this assertion. *See* Dkt. No. 27 at 1 (referring to Change Healthcare Technology Enabled Services, LLC as the defendant).  This correction should be made on amendment of the complaint.

United States District Court
Northern District of California

controversy exceeding $75,000. 28 U.S.C. § 1332(a). An out-of-state defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id*. § 1441(a). A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject matter jurisdiction. *Id*. § 1447(c).

There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Id*. (citation omitted). The defendant always "bears the burden of overcoming the 'strong presumption against removal jurisdiction,'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018), and any doubt about removal weighs in favor of remand. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).

The parties here do not dispute complete diversity, and the record shows that that requirement is satisfied. Wondeh is a citizen of California, and Change is a citizen of Delaware, Georgia, Tennessee and Texas. Dkt. No. 1 at 2-3. The parties' dispute instead focuses on the amount in controversy, which is not expressly alleged in Wondeh's complaint. Wondeh argues that the requirement is not satisfied and the case should be remanded, because "Defendant has not proven that the amount in controversy exceeds $75,000.00." Dkt. No. 27 at 2. But this argument reflects a misunderstanding of the law. Under *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 84 (2014), "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so," and it may do so in a "short and plain" statement that "need not contain evidentiary submissions." Moreover, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. "If the plaintiff contests the defendant's allegation," then removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional

threshold." *Id*. at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)).  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*.  Indeed, the Court in *Dart Cherokee* expressly quoted a House Judiciary Committee Report which stated that removing "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met." *Id*. at 88-89.

Here, while Wondeh argues that "defendant has offered nothing more than conclusory allegations regarding the jurisdictional amount," Dkt. No. 27 at 3, she does not specifically engage with or contest defendant's amount-in-controversy allegations, nor has she submitted any proof of her own of a different amount.  The Court accepts defendant's allegations and proof, which would have met the preponderance of the evidence standard in any event.  Wondeh's complaint alleges six legal claims -- four different claims under FEHA; a tort claim for intentional infliction of emotional distress, and a claim under California Labor Code § 1198.5 for failure to provide employee records -- and she seeks lost wages and benefits, emotional distress damages, punitive damages, and attorney's fees and costs.  *See* Compl.  Defendant Change's notice of removal argued that the $75,000 amount-in-controversy requirement was met in this case because, among other things, employment litigation plaintiffs "frequently have been awarded emotional distress damages in excess of $75,000," and that was just one component of the monetary relief sought by Wondeh.  Dkt. No. 1 at 4.  In opposing Wondeh's motion to remand, Change has further submitted evidence that at the time her employment with Change ended in May 2019, Wondeh's wages were approximately $4,659.20 per month, or $55,910 a year, excluding overtime.  Dkt. No. 20-1.  Change has also submitted jury verdicts from other, similar employment cases in which the jury awarded between $54,000 and $116,333 in emotional distress damages, and other verdicts in which juries awarded between $30,000 and $400,000 in punitive damages to employment discrimination plaintiffs.  Dkt. No. 20 at 5-7; Dkt. No. 20-2.[2]

---

[2] Change's unopposed request for judicial notice, Dkt. No. 20-2, is granted.

3

1    The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are consequently
met, including the $75,000 amount-in-controversy requirement, and remand is denied.

## II.    MOTION TO DISMISS

Well-established standards govern defendant's motion to dismiss. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This calls for "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Change has moved to dismiss all six of Wondeh's claims. Dkt. No. 11.

### A.    FEHA Claims

Wondeh's first four claims all assert violations of the FEHA. That statute, "among other prohibitions on discrimination, makes it unlawful for an employer 'because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, . . . to discriminate against the person . . . in terms, conditions, or privileges of employment." *Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359, 373 (2005) (quoting Cal. Gov't. Code § 12940(a)). Wondeh alleges that Change is liable to her for age and disability discrimination (first cause of action); failure to provide reasonable accommodation (second cause of action); retaliation (third cause of action); and failure to prevent discrimination (fourth cause of action); all in violation of FEHA. Compl. ¶¶ 21-45.

All four of these claims must be dismissed because Wondeh's factual allegations are thin and conclusory. Wondeh alleges that she is "nearly 50 years old," and "[i]n or around 2012, [she] was diagnosed with breast cancer, which requires constant monitoring by doctors to control and prevent relapse of the disease." Compl. ¶¶ 7-8. The problem for Wondeh, however, is that she

makes only one factual allegation about Change's conduct, and that allegation fails to draw any link between the conduct complained of on the one hand and her age or medical condition on the other. *See* Compl. ¶ 9 (on multiple occasions, plaintiff's supervisor called her a "weak person who ran around like her head was cut off," in addition to "rudely interrupt[ing]" and "verbally abus[ing] her"). While Wondeh's complaint includes allegations about her subjective belief that "she was subject to verbal abuse and discrimination by her supervisors because of her age and medical condition," *id.* ¶ 22, that kind of conclusory allegation is insufficient. To get past a motion to dismiss, plaintiff must come forward with non-conclusory allegations of fact that show that the alleged discriminatory and retaliatory acts by her employer were tied to her age or medical condition. Wondeh has also failed to allege any plausible, non-conclusory facts showing that Change failed to make a reasonable accommodation for her known physical or mental disability. *See* Cal. Gov't. Code § 12940(m)(1).

### B. Intentional Infliction of Emotional Distress

Wondeh's claim for intentional infliction of emotional distress cannot go forward for the same reason as her FEHA claims. While she alleges that "Change's conduct set out in the complaint was extreme and outrageous and an abuse of authority," Compl. ¶ 47, she does not have any non-conclusory, factual allegations that support this conclusory assertion. Her previous supervisor's comment that Wondeh was a "weak person who ran around like her head was cut off" is insufficient. *See Johnson v. Ralphs Grocery Co.*, 204 Cal. App. 4th 1097, 1108-09 (2012) ("There is no occasion for the law to intervene . . . where some one's feelings are hurt.") (quotations omitted).

### C. Failure to Provide Employee Records

Wondeh's sixth claim is brought under California Labor Code § 1198.5(a), which provides that every current and former employee "has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Compl. ¶ 54. These records are to be made available by the employer "not later than 30 calendar days" from the receipt of a written request. *Id*. Wondeh alleges that she "complained to Change's Human Resources Department" after "suffering constant

5

harassment for more than two months," *id*. ¶ 9, and that later, despite specific requests for "information as to Change's internal investigation regarding Plaintiff's complaints, . . . Change failed to provide any documents pertaining to Plaintiff's complaint made to Change's HR." *Id*. ¶ 55.

Change moves to dismiss this claim based on Wondeh's own "admission that she received the records in question." Dkt. No. 11 at 13-14. Change explains that Wondeh "admits to receiving a copy of 'the personnel record submitted by Change.'" *Id*. (quoting Compl. ¶ 18). The paragraph of the complaint relied on by Change, however, states: "On or around August 20, 2018, Plaintiff, through her representative, requested for her personnel record, including the details of the investigation pertaining to her complaint. However, the personnel record submitted by Change *did not contain any details pertaining to her complaint*." (emphasis added). Change's characterization of plaintiff's complaint is not a fair one, and its request to dismiss Wondeh's sixth claim is denied.

## CONCLUSION

Wondeh's motion for remand is denied. Change's motion to dismiss is granted for Wondeh's first through fifth claims, and denied for the sixth claim under California Labor Code § 1198.5.

For the five dismissed claims, Wondeh may amend. The Court cannot say at this juncture that these claims cannot "be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Wondeh may file an amended complaint by October 8, 2020, and the amended complaint may not add any new defendants or claims without express leave of Court. Change may renew any dismissal arguments that were not expressly addressed by this order in response to any amended complaint filed by Wondeh, as appropriate.

**IT IS SO ORDERED.**

Dated: September 21, 2020

_____
JAMES DONATO
United States District Judge

6